**Tim KRANSON, Plaintiff–Appellee,**

**v.**

## FEDERAL EXPRESS CORPORATION, Defendant–Appellant.

### No. 13–17440.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2016.*

Filed March 24, 2016.

Stephen Michael Murphy, San Francisco, CA, for Plaintiff–Appellee.

Carol Dwyer Defreitas, Esquire, Senior, Charles William Matheis, Jr., Esquire, Senior Counsel, Federal Express Corporation Legal Department, Irvine, CA, for Defendant–Appellant.

Before: NOONAN, GOULD, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

In this diversity action, Defendant–Appellant Federal Express Corporation ("FedEx") appeals the district court's denial of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

its post-trial motion following a jury verdict in favor of Plaintiff–Appellee Tim Kranson on four claims under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq. Kranson, who exhausted ninety days of medical leave provided by FedEx policy after being seriously injured on the job, was discharged from his full-time position, and then FedEx eliminated the vacant position. The jury found in favor of Kranson on his claims of disability discrimination, retaliation, wrongful discharge, and failure to provide a reasonable accommodation. FedEx filed a renewed motion for judgment as a matter of law on the grounds, inter alia, that the period of medical leave it provided was reasonable as a matter of law, and that the jury's verdict was not supported by substantial evidence. The district court denied FedEx's motion, and entered judgment in favor of Kranson, awarding $382,197.00 in damages. We affirm.

We review de novo a district court's denial of a renewed motion for judgment as a matter of law. *Fifty–Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1068 (9th Cir.2015). When reviewing a renewed motion for judgment as a matter of law, we will "draw all reasonable inferences in the favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 1069 (quoting *Harper v. City of L.A.*, 533 F.3d 1010, 1021 (9th Cir.2008)). The district court's ruling will be reversed only if "the evidence ... permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* at 1068 (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002)).

FedEx argues that its ninety-day medical leave policy was a reasonable accommodation as a matter of law in this case because Kranson accepted the period of leave and did not ask for more. We disagree. *See Swanson v. Morongo Unified Sch. Dist.*, 232 Cal.App.4th 954, 181 Cal. Rptr.3d 553, 565 (2014) (an employer has an "affirmative duty" to reasonably accommodate a disabled employee and that duty is a "continuing one that is not exhausted by one effort" (citations omitted)); *Prilliman v. United Air Lines, Inc.*, 53 Cal. App.4th 935, 62 Cal.Rptr.2d 142, 152 (1997) (rejecting notion that a "disabled employee must first come forward and request a specific accommodation before the employer has a duty to investigate such accommodation").

Substantial evidence also supports the jury's finding that FedEx failed to provide a reasonable accommodation. FedEx failed to consider any accommodations for Kranson other than the ninety-day period of leave provided by company policy. Yet during that medical leave and before Kranson's discharge, FedEx was repeatedly informed of Kranson's progress and his prospects for returning to his full-time position. Viewing the evidence in the light most favorable to Kranson, as we must, a jury could reasonably find that it would have been a reasonable accommodation for FedEx to extend Kranson's leave for a short period when it appeared likely that he would be able to return to his position in a matter of weeks. *See Sanchez v. Swissport, Inc.*, 213 Cal.App.4th 1331, 153 Cal.Rptr.3d 367, 372–74 (2013) (holding that a violation of FEHA may be based on an employer's alleged failure to provide further leave beyond the nineteen-week maternity leave available to the employee where additional leave was needed to reach the end of the plaintiff's high-risk pregnancy).

Because the jury's damages award can be sustained on the basis of the failure-to-accommodate claim under California Government Code § 12940(m), we do not

reach FedEx's arguments concerning the verdict in favor of Kranson on his claims of disability discrimination, retaliation, and wrongful discharge.

**AFFIRMED.**